## Fred G. Richmire, Defendant in Error, v. George A. Neeves, Plaintiff in Error.

### Gen. No. 18,322.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Fred C. Richmire against George A. Neeves in the Municipal Court of Chicago to recover on three promissory notes signed by defendant. From a judgment for plaintiff for four hundred dollars, defendant brings error.

GEORGE A. NEEVES, JR., and LELAND K. NEEVES, for plaintiff in error.

CHARLES S. McNETT, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. CONTINUANCE, § 49*—*when statement of grounds, insufficient.* Statements in affidavits that defendant is "unable to attend the trial" are mere conclusions of the deponents, and insufficient.

2. CONTINUANCE, § 49*—*sufficiency of grounds.* Affidavit stating that a party would testify as to certain matters shows no necessity for his presence where the matters alleged that he would testify to would be immaterial.

3. MUNICIPAL COURT OF CHICAGO, § 6*—*jurisdiction of subject matter.* Jurisdiction of Municipal Court as to the subject-matter is conferred by statute.

4. MUNICIPAL COURT OF CHICAGO, § 6—*when jurisdiction of person cannot be denied.* In the Municipal Court, jurisdiction of the person cannot be denied after a general appearance has been entered and an affidavit of merits has been filed.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

5. MUNICIPAL COURT OF CHICAGO, § 8*—*jurisdiction of suit on promissory. notes.* Cause of action on promissory notes accrues within the city of Chicago so as to give the Municipal Court jurisdiction where the notes are expressly made payable in that city.

6. MUNICIPAL COURT OF CHICAGO, § 29*—*presumption as to jurisdiction on review.* Municipal Court *held* not such a local inferior court that no presumption may be indulged in favor of its jurisdiction.